UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT M. MOTHERSELL,

                Petitioner,

     v.                                     9:23-CV-0886
                                                    (GLS)
TODD HOOD,

                Respondent.
_____

APPEARANCES:                              OF COUNSEL:

ROBERT M. MOTHERSELL
Petitioner, pro se
9888
Madison County PSB
Box 16
Wampsville, NY 13163

GARY L. SHARPE
United States Senior District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Robert Mothersell seeks federal habeas relief pursuant to 28 U.S.C. § 2241.

Dkt. No. 1, Petition ("Pet.").[1] Petitioner also remitted the statutory filing fee. Dkt. No. 1-1,

Cover Letter; Dkt. Entry of July, 24 2023 (memorializing receipt information for the filing fee

transaction).

**II.   THE PETITION**

      Petitioner challenges his current pre-trial custody, pursuant to pending state charges,

---

    [1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

in Madison County. Pet. at 1-2. Specifically, on April 10, 2023, petitioner alleges that law enforcement unlawfully searched his vehicle, without probable cause or consent, and illegally arrested him for second degree criminal possession of a weapon. *Id.* at 9-12.

The following day petitioner was arraigned and ordered detained without bail. Pet. at 12. A probable cause hearing was scheduled for April 17, 2023. *Id.*

On April 14, 2023, petitioner met with his court-appointed attorney, who had previously represented petitioner. Pet. at 12-13. Against petitioner's wishes, his counsel waived the probable cause hearing. *Id.* at 13. This prompted petitioner to file a pro se motion, pursuant to New York Criminal Procedure Law § 180.80, seeking release from custody because the probable cause hearing did not occur. Pet. at 14; *see id.* at 18-21 (pro se motion); N.Y. Crim. Pro. Law § 180.80 (ordering "release [of a defendant] on his own recognizance unless" certain criteria are met excusing the court's failure to hold a probable cause hearing for a felony complaint). The motion was denied as moot as petitioner had since been indicted. Pet. at 14. Further, petitioner was reminded that County Court did not entertain hybrid representation. *Id.* While petitioner is aware the motion was denied, he has yet to receive a copy of the decision. *Id.* Petitioner has not appealed the denial of his § 180.80 motion. *Id.* at 2-3.

On or about May 26, 2023, petitioner claims he filed a state writ of habeas corpus. Pet. at 14; *see id.* at 23-25 (pro se motion). The application was fully briefed and petitioner appeared in Madison County Court whereupon he was advised that his trial counsel and judge were "good," trial motions were scheduled for July 31, 2023, and the court did not entertain hybrid representation. *Id.* at 14-15; *see id.* at 33-35 (opposition to motion arguing

2

petitioner seeks relief pursuant to the wrong procedural vehicle as he has appropriate remedies available during his state criminal trial, specifically during the motions scheduled for July 31, 2023); *Id.* at 38-41 (reply to the People's opposition papers).  Petitioner has not received a written order denying his application.  *Id.* at 15.  Petitioner has not appealed the denial of his state habeas petition.  *Id.* at 3.

Petitioner argues that he is entitled to federal habeas relief because (1) his Fourth Amendment rights were violated when he "was unlawfully seized, arrested and put in jail without probable cause and continues to sit in jail without probable cause," Pet. at 6, 9-12, 16; (2) his Due Process rights were violated when he "was denied his probable cause hearing and . . . subsequently . . . his right to be heard on his 180.80 motion and his state writ," *Id.* at 6; (3) his Sixth Amendment rights were violated by his constitutionally ineffective counsel who "waiv[ed] petitioner's probable cause hearing which guaranteed petitioner's release," *Id.* at 6, 12-13; and (4) his Eighth Amendment rights were violated by his "excessive bail," *Id.* at 7.  Petitioner represents that all of his claims have been exhausted via the appeal methods available to him except his third claim alleging that he received constitutionally inadequate representation.  Pet. at 6-7.  For a more complete statement of petitioner's claims, reference is made to the petition and attached documents filed in support.

### III.   DISCUSSION

#### A.   *Younger* exception

Petitioner requests that this Court "review petitioner's claims and dismiss any and/or all charges not supported by probable cause; dismiss [the] indictment if not supported by probable cause; and release [petitioner] immediately."  Pet. at 7.  Petitioner also requests

3

new counsel for his state criminal matter. *Id.* Essentially, petitioner's request seeks to have the Court intervene in a pending criminal matter, make findings to dismiss that matter, order his release from detention, and appoint him new counsel for his criminal matter, which is pending in a different court.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at \*2 (S.D.N.Y. Mar. 10, 2020). Accordingly, in the event there is a pending criminal matter, this Court must abstain.²

Here, petitioner cannot use a federal habeas action to attempt to circumvent the state criminal trial process. Given the pending criminal matter in Madison County Court and petitioner's ability to avail himself of a defense in the state forum, specifically during the motion hearing scheduled for next week, this Court must abstain. Therefore, the petition is dismissed. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at \*2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*³

---

² While the Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply, *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), no such circumstances have been argued or otherwise presented here.

³ While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

**B.     Exhaustion**

Liberally construing petitioner's filing, to the extent petitioner has asserted a claim and prayer for relief that is at least presently available to him, any such claim would still be dismissed.  Regardless of whether petitioner makes those challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court.  *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

Here, despite petitioner's conclusion that all but one of his claims have been successfully exhausted, petitioner explicitly states that he has failed to appeal any of the denials he has received for his § 180.80 motion or state habeas petition.  Accordingly, petitioner has failed to fully exhaust his remedies before filing the instant petition.  *See U.S. ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

In sum, "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).  Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and unexhausted.  Petitioner may re-file any claims, not related to dismissal of his pending state prosecutions, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

**IV.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

July 28, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge